*215 OPINION.
Trammell :
In view of the fact that all other errors assigned in the petition were waived, the determination of the respondent with respect thereto is approved.
With respect to the debt of the Fulton Motor Truck Co. it is necessary that two facts be shown. First, that the indebtedness was ascertained to be worthless during the taxable year, and, second, that it was charged off.
It is clearly shown by the evidence that the debt was actually charged off during the taxable year. This leaves only the question as to whether it was ascertained to be worthless during that year. Under the Revenue Act of 1918 the entire debt must be ascertained to be wholly worthless in order that an allowance may be made with respect thereto. An ascertainment that a debt is worthless only in part does not meet the requirements of the statute.
It is undisputed that the purchaser of the assets of the Fulton Motor Truck Co. owed $142,572.77 to the receiver. While there is evidence that he did not meet his payments promptly and was in arrears at the end of the petitioner’s fiscal year, there is no evidence to indicate that Hackett, the purchaser, was not financially responsible and that a judgment against him for the amount of his notes with interest thereon was not collectible. In addition to this fact, Hackett had already paid more than $142,000 in cash and the assets were security for the balance of their purchase price. If Hackett had not made the payments as agreed, the amount already paid would have become forfeited and the assets could have been sold by the receiver the second time if the receiver was not able to recover from Hackett.
In our opinion, the fact that no dividends were paid by the receiver before the close of the petitioner’s taxable year ended in 1920, is not conclusive. The real question is whether the petitioner ascertained before the close of its taxable year the facts as to whether the debt could be collected or could not be collected. The evidence clearly shows that it was ascertained that the debt could not be collected in full, but there is not a preponderance of evidence that the debt was ascertained to be wholly worthless in 1920. On the other hand, from the facts in the record, it appears that it was ascertained *216 that only a portion oí the debt could not be collected. The total assets were $205,940.88 which, when reduced by the receiver’s, special master’s and attorneys’ fees in the total amount of $22,000, leaves $183,940.88 to be divided among the general creditors, including the petitioner, whose claims totaled $473,525.37.
There was some testimony to the effect that the actual amount of the assets was not known at the end of the petitioner’s taxable year, that certain assets were not considered of value, but this fact is immaterial since all the assets had been sold to Hackett and the receiver had received the cash and notes representing the purchase price.
In view of the foregoing, it is our opinion that the indebtedness was ascertained to be worthless only in part and that this does not meet the test of the statute to entitle the petitioner to the deduction claimed.
Judgment will be entered for the respondent on 15 days' notice, und&)' Rule 50.
Considered by MoRRis, Murdock, and Siefkin.